UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PEDRO JOHNSON,

                        Plaintiff,

            -against-

ROCKLAND COUNTY BOCES, et al.,

                        Defendants.

21-CV-3375 (KMK)

ORDER OF SERVICE

KENNETH M. KARAS, United States District Judge:

Plaintiff brings this pro se action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1981, and the New York State Human Rights Law ("NYSHRL"), alleging that his employer discriminated against him based on his race, color, and marital status. He names as Defendants Rockland County BOCES, Principal Dan Wilson, and Chief Operating Officer Mary Jean Marisco. By order dated April 20, 2021, the Court granted Plaintiff's request to proceed without payment of fees, that is, *in forma pauperis* ("IFP"). (Dkt. No. 3.)

For the following reasons, the Court (1) dismisses Plaintiff's Title VII claims against Defendants Wilson and Marisco; (2) dismisses Plaintiff's § 1981 and NYSHRL claims against Defendant Marisco, without prejudice to Plaintiff's seeking leave to file an amended complaint; and (3) directs service on Defendants Rockland County BOCES and Wilson.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While

the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se

pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the

"strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–

75 (2d Cir. 2006) (quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

### A.    Title VII

Title VII does not provide for individual liability.  *See Tomka v. Seiler Corp.*, 66 F.3d

1295, 1314 (2d Cir. 1995) ("Congress never intended to hold agents individually liable for

violations of [Title VII]"), *abrogated on other grounds by Burlington Indus. v. Ellerth*, 524 U.S.

742 (1998).  The Court therefore dismisses Plaintiff's Title VII claims brought against

Defendants Wilson and Marisco.

### B.    42 U.S.C. § 1981

Section 1981 does provide for individual liability, but a plaintiff must assert "some

affirmative link to causally connect the actor with the discriminatory action. . . . [P]ersonal

liability under [§] 1981 must be predicated on the actor's personal involvement." *Patterson v.

City of Oneida*, 375 F.3d 206, 229 (2d Cir. 2004) (quotation marks and citation omitted,

alteration in original).  Here, Plaintiff does not state any facts suggesting that Defendant Marisco

was involved personally in any discriminatory conduct.  The Court therefore dismisses Plaintiff's

§ 1981 claims brought against Marisco, without prejudice to Plaintiff's seeking leave to file an

amended complaint to state facts in support of a claim under § 1981 against this Defendant.

### C.    New York State Human Rights Law

Individual defendants also may be held liable under the NYSHRL, which prohibits

employers from discriminating based on certain protected bases, including race and color.  N.Y.

Exec L. § 296(1)(a); *see Feingold v. New York*, 366 F.3d 138, 157 (2d Cir. 2004) (noting that

individual defendants who are supervisors must "actually participate[ ]in the conduct giving rise to [the] discrimination" (quoting *Tomka*, 66 F.3d at 1317) (quotation marks omitted)).

Here, Plaintiff does not allege any facts regarding Defendant Marisco's personal involvement in the alleged discriminatory conduct. The Court therefore dismisses Plaintiff's state-law claims under the NYSHRL, without prejudice to Plaintiff's seeking leave to file an amended complaint to state facts in support of a state-law claim against this Defendant.

**D.**  **Order of Service: Defendants Rockland County BOCES and Wilson**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued. If the Complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Rockland County BOCES and Wilson through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these Defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**E.      Options to consent to electronic service and submit filings by email**

Parties proceeding pro se may submit filings by email to Temporary_Pro_Se_Filing@nysd.uscourts.gov. *Pro se* parties are encouraged to consent to receive all court documents electronically. A consent to electronic service form is available on the Court's website. Pro se parties who are unable to use email may submit documents by regular mail or in person at the U.S. Courthouse in White Plains (300 Quarropas Street). For more information, including instructions on this new email service for pro se parties, please visit the Court's website at nysd.uscourts.gov.

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is further instructed to issues summonses, complete the USM-285 forms with the addresses for Defendants Rockland County BOCES and Wilson and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court dismisses Plaintiff's Title VII claims brought against Defendants Wilson and Marisco for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court also dismisses Plaintiff's § 1981 and NYSHRL claims for failure to state a claim, *see* § 1915(e)(2)(B)(ii), without prejudice to Plaintiff's requesting leave to file an amended complaint.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    May 5, 2021
       White Plains, New York

 

_____
      KENNETH M. KARAS
     United States District Judge

# DEFENDANTS AND SERVICE ADDRESSES

1.      Rockland County BOCES
        65 Parrott Road
        West Nyack, NY 10994

2.      Principal Dan Wilson
        CBI Tech Program
        65 Parrott Road
        West Nyack, NY 10994